UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ISAAC HARRIS,

    Plaintiff,

v.                                      Case No. 13-11609

DETROIT PUBLIC SCHOOLS, et al.,

    Defendants.

                                       /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF**

*Pro se* Plaintiff John Harris moves under Federal Rule of Civil Procedure 60(b)(1-3) for relief from this court's June 27, 2013, entry of final judgment. (Dkt. # 11.) Plaintiff's brief will also be construed as a motion for reconsideration. A hearing is not required. *See* E.D. Mich. LR 7.1(f)(1-2). The motion will be denied.

**I. BACKGROUND**

Plaintiff claims that Defendants unlawfully retaliated against him. Title VII's anti-retaliation provision protects an employee from retaliation that would "dissuade . . . a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006) (citing 42 U.S.C. § 2000e-3(a)). In his complaint, Plaintiff argues that the negative performance evaluation he received on October 19, 2012, constitutes retaliation. In order for a negative performance evaluation to constitute retaliation, "the plaintiff must point to a tangible employment action that she alleges she suffered, or is in jeopardy of suffering, because of the downgraded evaluation." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 402 (6th Cir.

2008). Because Plaintiff alleged that he was assigned to work at Western International High School on "February 1, 2013," (Dkt. # 1 at Pg ID 5 ¶ 17), the court ruled that his October performance evaluation was not a tangible employment action, as the negative evaluation would have predated his assignment, and, as such, could not be considered retaliation. The court said:

> Plaintiff avers that he 'would be denied [the] opportunity for reemployment because of the negative 2011-2012 performance evaluation.' The assertion is baseless, as Plaintiff acknowledges that he was assigned to work at Western International High School on February 1, 2013. Plaintiff fails to establish that he suffered a tangible employment action as a result of the October 2012 performance evaluation.

(Dkt. # 10 at Pg ID 107.)

Recognizing that the court relied upon Plaintiff's allegation of 2013 as the operative year in which the employment action occurred, Plaintiff points out now that he "made an error with the date of reassignment." (Dkt. # 13 at Pg ID 126.) He asserts he was reassigned on February 1, *2012* (not 2013, as stated in the complaint), and for the first time presents documentation in support of the 2012 date of reassignment. (*Id.*)

## II.  DISCUSSION

### A.  Relief Under Rule 60(b)

A party moving for relief under Rule 60(b), "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Each Rule 60(b) claim is considered in turn.

2

**1.  Relief Under Rule 60(b)(1)**

Under Rule 60(b)(1), Plaintiff must demonstrate: (1) the existence of mistake, inadvertence, surprise, or excusable neglect and (2) that if the order were set aside he could mount a meritorious claim.  *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980).

Plaintiff's confusion about the year of his reassignment was entirely the product of his own malfeasance in failing to present a document in support of his allegation of the date (or alternatively, to have read and recited the date correctly in his pleading). Had he provided the document in the first place, the court would have had the opportunity to review the document and possibly discern the difference between the allegation in the complaint and the date stated in the notice.  By implication he presents this situation as excusable neglect.[1]  However, "[n]either ignorance nor carelessness on the part of the litigant . . . provide grounds for relief under Rule 60(b)(1)." *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (quotations omitted).  Moreover, Plaintiff's mistake about the year of his reassignment is not an isolated occurrence—Plaintiff's presentation is persistently scattered, aimless, and confused throughout this case.[2]

---

[1] Plaintiff confusingly attributes his own malfeasance to the court, claiming that "One of the mistake [sic] that Judge made was not to completely review all the documents that was provide [sic] by Plaintiff as evidence." (Dkt. # 13 at Pg ID 126.).

[2] *See* Order of Dismissal, June 27, 2013, (Dkt. #11).  In addition, the district's docket reveals that Plaintiff is an experienced *pro se* filer of lawsuits complaining about discriminatory conduct in employment and education that has brought him to harm in various ways.  *See, e.g.*, *Harris v. U.S. Postal Service*, Case Nos. 91-73220, 91-76499 (E.D. Mich 1991)*; Harris v. Bernstein, et al*, Case No. 10-11384 (E.D. Mich 2010); *Harris v. Detroit Public Schools, et al,* Case No. 12-12331.  All suits have been fruitless, and

More significantly, even if the court did accept that Plaintiff demonstrates a mistake that is the product of excusable neglect, other documentation reveals his claim as meritless; *i.e.,* the documents Plaintiff attaches to the present motion fatally undermine his retaliation claim.  An April 16, 2012 "Separation of Service Form" shows that Plaintiff checked a box labeled "retiring."  (Dkt. # 13 at Pg ID 135.)  The form states, "your decision to separate service for the purpose of retirement or resignation is irrevocable." (*Id.*)  A later "Confirmation of Separation from Detroit Public Schools" states that Plaintiff's irrevocable retirement will be effective "7/1/2012." (*Id.* at Pg ID 136.)  Thus, on October 19, 2012, when Plaintiff received the results of his performance evaluation assessing his poor performance over the 2011-2012 year, he had already been retired for more than ninety days, and was no longer in the District's employ.  In light of the evidence Plaintiff provides, the October 19, 2012 evaluation not only did not, but could not, constitute an adverse employment action.  Plaintiff's claim that he suffered an adverse employment action is baseless.[3]

Plaintiff's Rule 60(b)(1) argument fails.

---

marked by an absence of cogent pleading.  Plaintiff proceeds in the present action apparently unenlightened by his previous experiences about the reasonable requirement that burdens even *pro se* litigants to plead with accuracy and specificity.

[3] In view of the clarification of the timing of the performance review, the court's earlier observation that "[i]t appears that Detroit Public Schools accepts 48% as a passing grade in employment reviews, such as the one at issue here . . . ." (Dkt. #11 Pg ID 113) must be disavowed.  With the newly-supplied information, it may yet be the case that Detroit Public Schools would not voluntarily continue to employ someone with Plaintiff's apparent level of performance problems.  The court's disavowal of such an offhand remark, however, is of no consequence to the court's analysis herein.

### 2.  Relief Under Rule 60(b)(2)

Plaintiff also seeks relief under Rule 60(b)(2).  A motion for reconsideration under Rule 60(b)(2) can be granted only based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b).  Plaintiff neither demonstrates diligence nor presents any evidence that was not known to him before the action was dismissed.[4]

Plaintiff's Rule 60(b)(2) argument fails.

### 3.  Relief Under Rule 60(b)(3)

Finally, Plaintiff seeks relief under Rule 60(b)(3), which allows relief from a judgment because of "fraud . . . misrepresentation, or misconduct by an opposing party."  Petitioner litigated this action *in forma pauperis*.  This court dismissed the action under 28 U.S.C. § 1915(e)(2) before any defendant was served or participated.  Therefore, judgment could not have been entered because of any misrepresentation attributable to another party.

Plaintiff's Rule 60(b)(3) argument fails.

### C.  Motion for Reconsideration

A motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled" and (2) "show that correcting the defect will result in a different disposition of the

---

[4] Even if Plaintiff had discovered new evidence, he should have moved under Rule 59(b), which governs a motion for reconsideration submitted within 28 days after entry of judgment.  Plaintiff filed the present motion only 7 days after the entry of judgment, and therefore should have acted under Rule 59(b).

5

case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Even assuming that Plaintiff's earlier allegation of the erroneous date relied upon in the previous order qualifies as a palpable defect, the court has explained how correcting such defect will not change the result.

Accordingly, this court will not reconsider its June 27, 2013, decision dismissing the case.

### III. CONCLUSION

IT IS ORDERED that Plaintiff's motion [Dkt. # 13] for relief from order [Dkt. # 11] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 3, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 3, 2013, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

9/3/13:S:\Cleland\JUDGE'S DESK\C1 ORDERS\13-11609.HARRIS.Deny.Mot.Relief.2.RLJR.wpd